IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-116-FL

| | |
|---|---|
| WILLIAM WEAVER, and JUDY WEAVER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| 3M COMPANY a/k/a Minnesota Mining & Manufacturing Company; AIR & LIQUID SYSTEMS CORPORATION (sued as successor-by-merger to Buffalo Pumps, Inc.); ALFA LAVAL, INC. (sued individually and as successor-in-interest to the Delaval Separator Company); (successor-in-interest to Sharples Corporation); AMERON INTERNATIONAL CORPORATION f/k/a Bondstrand and successor-in-interest to Ameron Merger Co. and AMERON, INC., Amercoat Inc., and American Pipe and Construction; AMETEK, INC. (sued as successor to Haveg Industries, Inc. and as successor to Hercules, Inc.); BW/IP INTERNATIONAL, INC. (sued individually and as successor-in-interest to Byron Jackson Pump Company); CLYDE UNION, INC. d/b/a Clydeunion Pumps (sued individually and as successor-by- merger to Union Pump Company); CSX TRANSPORTATION, INC. f/k/a Seaboard Coast Line Railroad Company; REDCO CORPORATION formerly known as Crane Co.; EATON HYDRAULICS, LLC f/k/a Eaton Hydraulics, Inc. ued as successor to Vickers Inc.); FLOWSERVE CORPORATION f/k/a The Duriron Company, Inc. (sued as 3 successor-by-merger to Durco International); FLOWSERVE US, INC. (sued as successor to Wilson Snyder Pumps) sued as successor to Edeard Valve, Inc.) (sued as successor to Vogt Valve) (sued as successor to BW/IP | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ORDER |

International, Inc. successor-in-interest to )
Byron Jackson Pump Company); FMC )
CORPORATION (sued individually and as - )
successor-in-interest to Peerless Pumps )
Company) (successor-in-interest to Northern )
Pump Company f/k/a Northern Fire )
Apparatus Company) successor-in-interest to )
Chicago Pump Company); (successor-in- )
interest to Crosby Valve, Inc.); GENERAL )
ELECTRIC COMPANY; GOULDS )
PUMPS, INCORPORATED; HERCULES )
LLC f/k/a Hercules Incorporated; IMO )
INDUSTRIES, INC. )
(sued individually and as successor-in- )
interest to o Delaval Turbine, Inc.); )
successor-in-interest to C. H. Wheeler )
Manufacturing Company; successor-in- )
interest to Adel Fastners and Wiggins )
Connectors; KECKLEY )
MANUFACTURING COMPANY (sued as )
successor to Klipfel Valves, Inc.); )
MCNALLY INDUSTRIES, LLC (sued )
individually and as successor-in-interest to )
Northern Fire Apparatus Company); )
METROPOLITAN LIFE INSURANCE )
COMPANY a wholly-owned subsidiary of )
Metlife Inc.; RAILROAD FRICTION )
PRODUCTS CORPORATION; )
STANDARD MOTOR PRODUCTS, INC. )
(sued as successor-in-interest to EIS )
Automotive); TATE ANDALE, LLC )
f/k/a Tate Tremco, Inc. f/k/a Tremco )
Machine Works, Inc.; THE WILLIAM )
POWELL COMPANY; UNION CARBIDE )
CORPORATION; VELAN VALVE )
CORPORATION; VIACOMCBS INC. )
f/k/a CBS Corporation f/k/a Viacom, Inc. )
sued as successor-by-merger to CBS )
Corporation f/k/a Westinghouse Electric )
Corporation); WABATEC GLOBAL )
SERVICES; WARREN PUMPS, LLC )
(sued individually and as successor-in- )
interest to Quimby Pump Company); and )
WEIR VALVES & CONTROLS USA, INC. )
f/k/a Atwood & Morrill, )

This matter comes before the court on renewed motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) by defendant Eaton Hydraulics, LLC ("Eaton") (DE 212) and its original motion to dismiss on the same grounds. (DE 128). Where the allegations in plaintiffs' amended complaint (DE 190) against defendant Eaton and regarding this court's jurisdiction over it remain unchanged from those in the original complaint (DE 1), defendant Eaton "relies on the pleadings filed to date . . . and its [m]emorandum in [s]upport of its original [m]otion to [d]ismiss." (DE 212 at ¶ 5). The motions have been briefed fully, and the issues raised are ripe for ruling. For the following reasons, the motions are denied without prejudice.

## STATEMENT OF THE CASE

Plaintiffs initiated this suit arising out of asbestos-related injuries against multiple defendants, including defendant Eaton, in an original complaint filed March 28, 2022, as amended September 20, 2022, asserting claims for defective design; failure to warn; breach of implied warranty, gross negligence and willful, wanton, and reckless conduct; conspiracy; and loss of consortium. Plaintiffs seek compensatory and punitive damages; pre- and post-judgment interest, costs, expenses, and fees; and damages for loss of consortium.

Defendant Eaton filed the instant motions seeking dismissal for lack of personal jurisdiction. Plaintiffs responded in opposition to the original motion (DE 133) and defendant Eaton replied. Following the filing of plaintiffs' amended complaint, defendant Eaton renewed its motion to dismiss, plaintiffs responded, and defendant Eaton replied.

## STATEMENT OF THE FACTS

The facts alleged in the complaint,[1] pertinent to the instant motions, may be summarized as follows.

Plaintiff William Weaver is a lung cancer patient who was "exposed to [d]efendants' asbestos-containing products while employed as a [r]ailway [y]ard worker in North Carolina from approximately" 1966 to 1977. (Compl. ¶¶ 6, 55). Defendant Eaton is a Delaware corporation, with its principal place of business in Ohio. (Id. ¶ 29).

Defendant Eaton "developed, manufactured, marketed, distributed, and/or sold products and/or equipment foreseeably designed to be used with asbestos-containing products and/or equipment, including, but not limited to, asbestos-containing products, and hydraulic pumps." (Id.). "Defendants. . . caused. . . certain asbestos and asbestos-containing materials, products[,] or equipment to be placed in the stream of interstate commerce," (Id. ¶ 62) with the result that "most or all of [plaintiff William Weaver's] exposure [was] within the State of North Carolina." (Id. ¶ 63).

"Plaintiff's claims. . . arise out of Defendants' purposeful efforts to serve directly or indirectly the market for their asbestos and/or asbestos-containing products in [North Carolina], either through direct sales or through utilizing an established distribution channel with the expectation that their products would be purchased and/or used within North Carolina." (Id. ¶ 3).

## COURT'S DISCUSSION

A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of a claim for lack of personal jurisdiction. "When a district court considers a question of personal jurisdiction based on the

---

[1] Hereinafter, all references to the complaint in the text and "Compl." in citations are to plaintiff's amended complaint, filed September 20, 2022.

contents of a complaint . . . the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014).[2] At this stage, the court "must construe all relevant pleading allegations in the light most favorable to plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); see Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993) ("[T]he district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor."). If, however, the court "requires the plaintiff to establish facts supporting personal jurisdiction by a preponderance of the evidence prior to trial, it must conduct an evidentiary hearing." Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016). "[A]n evidentiary hearing requires only that the district court afford the parties a fair opportunity to present both the relevant jurisdictional evidence and their legal arguments." Id.

B.  Analysis

Defendant Eaton challenges the existence of personal jurisdiction in this case, arguing that it does not have "'minimum contacts' with [North Carolina] such that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice'" and that this suit does not arise out of such contacts. (DE 129 at 4) (quoting International Shoe v. Washington, 326 U.S. 310, 316 (1945)). Plaintiffs argue in response that their alleged facts establish jurisdiction, and they ask the court to "defer ruling on Eaton's motion and permit the parties to engage in limited jurisdictional discovery" in the event that it finds the allegations in the complaint lacking. (DE 133 at 1).

---

[2]  Internal citations and quotation marks are omitted from all citations unless otherwise specified.

"[A] district court properly carries out its role of disposing of a pretrial motion under Rule 12(b)(2) by applying procedures that provide the parties with a fair opportunity to present to the court the relevant facts and their legal arguments before it rules on the motion." Grayson, 816 F.3d at 269. "The decision of whether or not to permit jurisdictional discovery is. . . committed to the sound discretion of the district court." Base Metal Trading, Ltd. V. OJSC "Novokuznetsky Aluminum Factory, 283 F.3d 208, 216 n.3 (4th Cir. 2002). Where "the burden [rests] on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence," Mylan, 2 F.3d at 60, "the better course is for the district court to follow a procedure that allows it to dispose of the motion as a preliminary matter," Grayson, 816 F.3d at 268.

Plaintiff has alleged facts that could establish the requisite contacts with North Carolina to support specific personal jurisdiction. For example, its allegations that plaintiff William Weaver was exposed to defendant Eaton's "asbestos-containing products," (Compl. ¶ 29), which Eaton may have placed in North Carolina through "direct sales," id., could support specific personal jurisdiction over defendant Eaton with regard to this action. However, broad terms such as "asbestos-containing products," id., the unspecified nature of defendant "Eaton's business activities in the State of North Carolina," id., extensive use of the phrase "and/or," (Compl. ¶¶ 2, 3, 4, 11, 17, 18, 29, et seq.), and other general allegations in the complaint compel the conclusion that "limited discovery [is] warranted to explore jurisdictional facts" in this case. Mylan, 2 F.3d at 64.

Though defendant Eaton maintains that "[p]laintiffs fail to allege sufficient facts demonstrating that Eaton purposefully availed itself of the privilege of conducting business in North Carolina," (DE 129 at 5), the court cannot yet determine whether plaintiffs will meet their burden "ultimately to prove the existence of a ground for jurisdiction by a preponderance of the

6

evidence." Combs, 886 F.2d at 676. Accordingly, defendant's motion to dismiss is denied without prejudice to further consideration of the issues raised after a period of jurisdictional discovery. With respect to plaintiffs and defendant Eaton (hereinafter, for purposes of this order, the "parties"), the court further orders the following:

1) Unless good cause is shown in request for exemption or stay, and the court orders otherwise, a Rule 26(f) conference must occur on or before 21 days from entry of this order. The parties are jointly responsible for arranging the conference, which shall involve counsel for each represented party and all unrepresented parties, and for attempting in good faith to agree on a proposed plan for completion of jurisdictional discovery.

2) The parties shall file a joint report and plan within 14 days after the conference. The report and plan shall inform of the date on which the Rule 26(f) conference took place, and persons participating therein. The following must be considered at the Rule 26(f) conference and included in the report and plan:

    a) The categories of discovery to be utilized by the parties, and proposed limitations. Where any proposed limitation is different from that imposed by the Federal Rules of Civil Procedure and/or the court's Local Rules, specific reason therefor shall be set forth;

    b) Whether there are any issues relating to disclosure or discovery of electronically stored information, including issues as to the form(s) in which such information shall be produced;

    c) Whether there are any issues relating to claims of privilege or protection as trial-preparation material. The parties shall specify whether they wish to obtain by consent a court order memorializing the parties' agreement regarding 1) inadvertent

disclosures, pursuant to Fed. R. Evid. 502(d); or 2) privilege log protocols, such as automated logs, exemptions for documents created after litigation commences, or criteria for expanded log entries. In the event the parties seek a court order regarding inadvertent disclosures or privilege logs, the parties shall propose consent order language in their joint report and plan;

d) The date on which all jurisdictional discovery shall be concluded (not the last date of issuance; rather, this date sets the discovery bar date);

e) Whether any particular discovery problems are anticipated; and

f) Any scheduling issue affecting counsel or a party. This report affords the opportunity to announce compelling personal or professional considerations, as appropriate, which may affect the scheduling or course of proceedings.

g) The date by which any motion(s) bearing upon personal jurisdiction as between the parties shall be filed.

If the parties have made a good faith attempt to confer and submit a joint discovery plan, but have been unable to do so, the parties shall file separate plans within the allotted time period, including the party's respective position and information as would be included in the joint report.

## CONCLUSION

Based on the foregoing, defendant Eaton's motions (DE 128, 212) are DENIED without prejudice, and plaintiffs and defendant Eaton are DIRECTED to file a joint report and plan regarding jurisdictional discovery in accordance with the time limitations set forth herein.

SO ORDERED, this the 16th day of December, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge